IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Crim. No. CCB-17-458 |
| | * | |
| TYRONE KEVIN GREGG | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM & ORDER

Now pending is Tyrone Gregg's pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF 30). Gregg seeks relief on the basis that his health conditions, namely that he has hypertension, diabetes, asthma, and a history of smoking, put him at risk of serious illness from COVID-19 and that the BOP facility where he is incarcerated had experienced an outbreak of COVID-19.[1]

The court may consider a defendant's compassionate release motion "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). The court may authorize compassionate release if, after considering the factors set forth in 18 U.S.C. § 3553(a), the court finds that "extraordinary and compelling reasons" warrant it. *See* 18 U.S.C. § 3582(c)(1)(A)(i).[2]

---

[1] At the time he filed his motion, Gregg was incarcerated at USP Lewisburg (*see* ECF 30 at 4), but it appears he has since been relocated to Gilmer FCI.

[2] Under 28 U.S.C. § 994(t) the United States Sentencing Commission has the responsibility to define "what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). The most recent Sentencing Commission policy statement defining "extraordinary and compelling reasons" for sentence reduction, Guideline § 1B1.13, predates the First Step Act and, as the Fourth Circuit recently held, is not a policy statement that applies to motions for compassionate release brought by defendants, because its plain text "constrains the entire policy statement to motions filed solely by the BOP, . . . and not by defendants themselves." *United States v. McCoy*, 981 F.3d 271, 281–82 (4th Cir. 2020) (internal quotation marks and citation omitted). In the absence of an "applicable policy statement[] issued by the Sentencing Commission" concerning what may be an "extraordinary and compelling reason" for compassionate release when a defendant brings a motion under § 3582(c)(1)(A), "district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)).

It appears Gregg has properly exhausted his administrative remedies as more than 30 days have elapsed since his initial request for compassionate release to his warden. (ECF 30-1). Though Smith's health conditions in light of the current coronavirus pandemic may present an "extraordinary and compelling" reason for his release, *see, e.g.*, *United States v. Hickman*, No. CR CCB-07-261, 2020 WL 6393391, at *2 (D. Md. Nov. 2, 2020), the court will deny Gregg's motion because the balance of the § 3553(a) factors does not weigh in favor of his release.

Gregg is serving a 120-month sentence for bank robbery, in violation of 18 U.S.C. § 2113. (ECF 27, Judgment). Between December 2016 and June 2017, Gregg robbed or attempted to rob nine banks. (ECF 20, Plea Agreement, Statement of Facts). This offense was certainly serious, and is the latest in a lengthy record of criminal convictions. Gregg's criminal record includes state convictions for drug distribution, forgery, and unlawful possession of a firearm, and a federal conviction for conspiracy to commit bank fraud and identity theft. (ECF 40, Presentence Report ¶¶ 99–111). Gregg was on supervised release for the federal conviction when he committed the instant offense. (*Id.* ¶ 111). While the court is certainly sympathetic to Gregg's concern that he is at risk of severe illness from COVID-19, the court is not prepared to agree that a reduction in sentence to time served, at approximately 46 months, is sufficient to reflect the nature, circumstances, and seriousness of the offense, promote respect for the law, or afford adequate deterrence. 18 U.S.C. §§ 3553(a)(1), (a)(2)(A)–(B).

Accordingly, the motion (ECF 30) is Denied.

So Ordered this __19th__ day of May, 2021.

/S/
Catherine C. Blake
United States District Judge